UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WALONA HEATH, *et al*, on behalf of
themselves and all others similarly situated,

    Plaintiff,

v.                                       Case No.: 1:20-cv-125

RESOURCE MANAGEMENT
SYSTEMS, INC.,

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, WALONA HEATH, *et al*, on behalf of themselves and all others similarly situated hereby files this Collective Action Complaint against Defendant, RESOURCE MANAGEMENT SYSTEMS, INC., and alleges:

### INTRODUCTION

1. This is a collective action to recover for lost wages in the form of overtime compensation and unpaid wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Specifically, Plaintiffs and others similarly situated have worked or are currently working for Defendant as transportation specialists/drivers and regularly worked in excess of 40 hours per week, often as much as 60 hours, but Defendant failed to properly calculate hours worked in excess of 40 hours during workweeks where a pay period (bi-monthly, on the 1st and 16th of the month) fell on a week day.

3. Moreover, Defendant, during all relevant times, failed to properly calculate time worked for purposes of the FLSA in that the company does not credit Plaintiffs and other similarly situated transportation specialists/drivers with time worked while waiting for customers of Defendant to finish treatment so that Plaintiffs and others similarly situated can transport those individuals to their final destinations.

4. Plaintiffs, on behalf of themselves and all others similarly situated, seek back pay, liquidated damages, attorneys' fees, and all other equitable remedies available, to remedy these violations of the FLSA.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and §1337 and 29 U.S.C. § 201 *et seq*. and 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and proper in this Division pursuant to M.D. Ga. R. 3.4 in that Plaintiff, Walona Heath, resides in this Division and the claims discussed herein arose in this Division.

## THE PARTIES AND FACTUAL ALLEGATIONS

7. Plaintiff, Walona Heath, is a legal resident of the United States and the State of Georgia. She is a transportation specialists/driver for Resource Management Systems, Inc. and is an "employee" as that term is defined under 29 U.S.C. §203(e). During her employment, from July 2019 through the present, Plaintiff performed non-exempt labor, as defined by the FLSA, and worked an amount of time that was more than forty (40) hours per workweek for which she was not paid the overtime wage differential for numerous workweeks and was not credited for hours worked while waiting for customers of Defendant.

8. Plaintiff, Ursula Mays, is a legal resident of the United States and the State of Georgia. She is a transportation specialists/driver for Resource Management Systems, Inc. and is an "employee" as that term is defined under 29 U.S.C. §203(e). During her employment, from June 2019 through the present, Plaintiff performed non-exempt labor, as defined by the FLSA, and worked an amount of time that was more than forty (40) hours per workweek for which she was not paid the overtime wage differential for numerous workweeks and was not credited for hours worked while waiting for customers of Defendant.

9. Plaintiff, Jacqueline Henderson, is a legal resident of the United States and the State of Georgia. She is a transportation specialists/driver for Resource Management Systems, Inc. and is an "employee" as that term is defined under 29 U.S.C. §203(e). During her employment, from 2005 through the present, Plaintiff performed non-exempt labor, as defined by the FLSA, and worked an amount of time that was more than forty (40) hours per workweek for which she was not paid the overtime wage differential for numerous workweeks and was not credited for hours worked while waiting for customers of Defendant.

10. Plaintiffs and all other similarly situated persons are current or former transportation specialists/drivers of Defendant. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

11. Defendant operates non-emergency transit systems in 15 counties in Southwest Georgia and employs individuals as transportation specialists/drivers whose primary duties are to transport individuals for Defendant as part of their non-emergency transit system.

12. Defendant employed Plaintiffs and other similarly situated persons and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Complaint.

13. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA with annual revenue in excess of $500,000.00.

14. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

15. Defendant is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(s) and is subject to the provisions of the Act relating to payment of overtime compensation. Defendant's principal office address is P.O. Box 113, Georgetown, GA 39854. It may be served by delivering process to its registered agent, Tim Pinson, at 118 Walton Street, Baconton, Georgia, 31716.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this action for violation of FLSA as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all persons who are or were employed by Defendant as a transportation specialist/driver during the period from July 7, 2017 to the present and who were not paid an overtime premium for all hours worked in excess of 40 hours in a single workweek and not credited for hours worked while waiting to transport customers of Defendant (hereinafter the "Collective Plaintiffs").

17. Plaintiff and the Collective Plaintiffs routinely worked in excess of 40 hours per week and were paid bi-monthly on the 1st and 16th day of the month but were routinely denied hours worked while waiting for customers of Defendant.

18. Defendant's workweek, for purposes of calculating overtime, was from Sunday-Saturday.

19. In calculating hours worked for purposes of overtime, Defendant would exclude hours from their Sunday-Saturday workweek calculations if the pay period fell on a weekday (for instance, if a transportation specialist/driver was paid on a Wednesday, the hours they worked Thursday, Friday, and Saturday would not be included in the current workweek when determining overtime pay).

20. On at least one occasion, Defendant was questioned about this practice and the company's failure to properly calculate overtime pay but justified the calculations as a form of "make-shift" accounting practices.

21. Defendant's conduct in refusing to pay Plaintiff and the Collective Plaintiffs overtime compensation is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff and the Collective Plaintiffs to bring this claim within three years of the accrual of any cause of action.

**Count I – Violations of the Fair Labor Standard Act (Overtime)**

22. Plaintiffs and all other similarly situated persons re-allege the allegations of paragraphs 1-21 above and incorporate them herein by reference.

23. Defendant repeatedly and willfully violated the provisions of §§207 and 215(a)(2) of the FLSA by failing to count waiting time for Plaintiffs and other similarly situated persons.

24. At all times relevant, Defendant had a policy and practice of willfully refusing to count waiting time for Plaintiffs and other similarly situated persons.

25. As a result of Defendant's willful failure to properly pay the applicable federal applicable overtime compensation for Plaintiffs and other similarly situated persons for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq*.

26. By reason of Defendant's willful violations of the FLSA, Plaintiffs and other similarly situated persons are entitled to recover all amounts provided by the FLSA including: unpaid overtime compensation, and an additional equal amount as liquidated damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

**Count II – Violations of Fair Labor Standards Act (Hours Worked)**

27. Plaintiffs and all other similarly situated persons re-allege the allegations of paragraphs 1-21 above and incorporate them herein by reference.

28. Defendant repeatedly and willfully violated the provisions of the FLSA by failing to properly calculate and include all hours worked by Plaintiffs and other similarly situated persons.

29. At all times relevant, Defendant had a policy and practice of willfully refusing to properly calculate and include all hours worked by Plaintiff and other similarly situated persons.

30. As a result of Defendant's willful failure to properly calculate time worked for Plaintiffs and other similarly situated persons, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq*.

31. By reason of Defendant's willful violations of the FLSA, Plaintiffs and other similarly situated persons are entitled to recover all amounts provided by the FLSA including:

unpaid overtime compensation, and an additional equal amount as liquidated damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as a FLSA collective action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the class he represents were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award the Plaintiff proper payment for each hour worked and overtime hours worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due the Plaintiff, as required by the FLSA;

(g) Award the Collective Plaintiffs proper payment for each hour worked and overtime hours worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h)     Award Plaintiff and the Collective Plaintiffs prejudgment interest on all amounts owed;

(i)     Award Plaintiff and the Collective Plaintiffs nominal damages;

(j)     Award each Plaintiff and the Collective Plaintiffs their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(k)     Award any and such other further relief this Court deems just, equitable and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of July 2020.

Respectfully submitted,

/s/
Robert M. Scott (GBN: 120824)
J. Clint Wallace (GBN: 909043)
SCOTT & WALLACE, LLP
209 E. Brevard Street
Tallahassee, Florida 32301
Telephone: (850) 222-7777
Facsimile: (850) 222-7778
rscott@scottandwallacelaw.com
Counsel for Plaintiff